IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*(Electronically Filed)*

| | |
|---|---|
| PIETRO MICCA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:14-cv-693-S |
| | ) |
| COMPASS GROUP USA, INC. d/b/a | ) |
| EUREST DINING SERVICES | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

\*\*\* \*\*\* \*\*\*

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Compass Group USA, Inc., d/b/a Eurest Dining Services ("Compass" or "Defendant"), by counsel, hereby files this notice to remove an action pending against it in Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division. In support of this removal, Defendant states as follows:

### Background

1. Plaintiff Pietro Micca ("Micca" or "Plaintiff"), by counsel, filed this action on September 29, 2014 in Jefferson Circuit Court, said action being designated Civil Case No. 14-CI-05048 (the "State Court Action"). A copy of the Complaint in the State Court Action (the "Complaint"), along with the summons and all other pleadings in the State Court Action, are attached as Exhibit A. The Complaint was served on Compass' agent for service on October 2, 2014.

2. Plaintiff, a former employee of Compass, seeks alleged damages in connection with the separation of his employment on September 30, 2013. Plaintiff's Complaint alleges causes of action against Defendant pursuant to the following federal statutes: Title VII of the Civil Rights Act of 1964, 42 US.C. 2000e; Age Discrimination in Employment Act of 1967, 42 U.S.C. 621, Civil Rights Act of 1991, 42 U.S.C. 1981, Civil Rights Act of 1866, 42 U.S.C. 1981, Age Discrimination Act of 1975, 42 U.S.C. 6101, and 42 U.S.C. 1983. (Complaint ¶ 9). Plaintiff's Complaint also alleges causes of action under the Kentucky Civil Rights Act (KRS § 344.010, *et seq.*) (the "KCRA").

3. Pursuant to 28 U.S.C. § 1441 and 1446, Defendant seeks to remove this case to federal court based on federal question jurisdiction and diversity of citizenship jurisdiction.

## Federal Question Jurisdiction

4. Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction over Plaintiff's claims asserted pursuant to the following federal statutes: Title VII of the Civil Rights Act of 1964, 42 US.C. 2000e; Age Discrimination in Employment Act of 1967, 42 U.S.C. 621, Civil Rights Act of 1991, 42 U.S.C. 1981, Civil Rights Act of 1866, 42 U.S.C. 1981, Age Discrimination Act of 1975, 42 U.S.C. 6101, and 42 U.S.C. 1983. (Complaint ¶ 9). Thus, these claims are removable to this Court under 28 U.S.C. § 1441(a).

5. The remaining state law claims are removable pursuant to 28 U.S.C. § 1441(c).

## Facts In Support Of Diversity Jurisdiction

6. Pursuant to 28 U.S.C. § 1332(a), this federal court has original jurisdiction over this civil action based on diversity of citizenship, because this action is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

7. Plaintiff alleges in his Complaint he is a resident of Kentucky (Complaint, ¶1).

8. Defendant, Compass, is organized under the laws of the State of Delaware, and has its principal place of business in Charlotte, North Carolina. (Complaint ¶ 2).

9. Plaintiff seeks damages in an unspecified amount for lost wages and benefits, compensatory damages, liquidated damages, emotional distress damages, costs, attorney's fees and punitive damages, based on his claims of discrimination and discharge in violation of federal and Kentucky laws. (Complaint ¶ 9).

10. Based upon the types of damages that Plaintiff seeks, and upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

**Venue**

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 97 and 1441(a) because the United States District Court for the Western District of Kentucky is the federal judicial district embracing the Jefferson Circuit Court, the court in which the State Court Action was originally filed.

**Timely Filing**

12. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within 30 days after October 2, 2014, the date on which Compass first received service of the Complaint in the State Court Action.

**Procedural Requirements**

13. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action are collectively attached to this Notice as Exhibit A.

14. Pursuant to 28 U.S.C. § 1446(d), Defendant has filed this Notice with this Court, is serving a copy of this Notice upon counsel for Plaintiff, and is filing a copy of this Notice with the Jefferson Circuit Court.

15.     This Notice of Removal has been verified by Craig P. Siegenthaler counsel for Defendant herein, pursuant to 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant removes this action from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division.

> Respectfully submitted,
>
> *s/ Craig P. Siegenthaler*
> Craig P. Siegenthaler
> FISHER & PHILLIPS LLP
> 220 West Main Street, Suite 2000
> Louisville, KY  40202
> Phone:  (502) 561-3990
> Fax:  (502) 561-3991
> E-mail:  csiegenthaler@laborlawyers.com
>
> COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following, by first-class United States mail, postage prepaid, this 17th day of October, 2014:

> John Allen Taylor, Esq.
> 722 West Main Street
> Louisville, Kentucky 40202
> Phone:  (502) 585-4353
> johnataylor@gmail.com
>
> COUNSEL FOR PLAINTIFF

> *s/ Craig P. Siegenthaler*
> COUNSEL FOR DEFENDANT