UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PIETRO MICCA                                                                                             PLAINTIFF

v.                                                                                             NO. 3:14-CV-693-CRS

COMPASS GROUP USA, INC.                                                                       DEFENDANTS
d/b/a Eurest Dining Services

**MEMORANDUM OPINION**

This matter is before the Court on Motion by the Defendant, Compass Group USA, Inc., d/b/a Eurest Dining Services ("Compass"), to Dismiss all claims in Plaintiff Pietro Micca's ("Micca") Complaint (DN 1-2) pursuant to Fed. R. Civ. P. 12(b)(6). DN 5. Fully briefed, the matter is now ripe for adjudication. Having considered the parties' respective positions, the Court concludes that Plaintiff has failed to plead sufficient facts to raise any right to relief. For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss.

I.

Plaintiff, Pietro Micca ("Micca"), was born in the country of Italy and was approximately sixty-two (62) years old at the time he filed the Complaint at issue. DN 1-2. He asserts several claims against his previous employer, Defendant, Compass Group USA, Inc., d/b/a Eurest Dining Services ("Compass"), based on the following allegations.

Micca worked as General Manager of Food Services at Compass for a period of approximately fourteen (14) years. *Id*. Painting a picture of satisfactory performance, he contends that, during his time as General Manager, Compass designated him as "manager of the year" in at least one year, that he received increased "income, revenue, and profits," and that he

reduced costs and expenses for Compass's operation. *Id*. He then alleges that on or about September 30, 2013, Compass terminated his "long time employment . . . without due or just cause." DN 1-2, p. 3. Compass's "actions and conduct," Micca explains, constituted wrongful termination, harassment, discrimination, and retaliation against him. *Id*. He therefore concludes that Compass's "acts and omissions" – acts and omissions that, aside from his termination, are not alleged anywhere in the Complaint – were in violation of various federal statutes, laws, rules, and regulations prohibiting unequal and unfair treatment in employment due to age, national origin, and ethnicity. *Id*.

As a result of Compass's alleged conduct, Micca filed this action in Jefferson Circuit Court asserting violations of: the Kentucky Unlawful Discrimination by and Employer Act, Ky. Rev. Stat. Ann. § 344.040; the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII"); the Age Discrimination in Employment Act, 42 U.S.C. § 621 ("ADEA"); the Civil Rights Act of 1991, 42 U.S.C. § 1991; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination Act of 1975, 42 U.S.C. § 6101; 42 U.S.C. § 1983, and; the Zero Tolerance Discrimination and Harassment Policy of the Compass Group Associate Handbook. DN 1-2. The matter was removed to this Court, and Compass now moves us to dismiss Micca's Complaint.

## II.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009):

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra*.] at 556, 127 S.Ct. 1955. The plausibility

standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S.Ct. 1955 (bracket omitted).

As noted in *Southfield Education Association v. Southfield Board of Education*, No. 13-1600, 2014 WL 2900928 (6th Cir. June 26, 2014), "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Twombly*, 550 U.S. at 561-64." *Southfield Ed. Assoc.*, 2014 WL 2900928 at *2. "The factual allegations, assumed to be true, . . . must show entitlement to relief" under "some viable legal theory." *Id*. at *2 (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). Threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements, however, will not suffice. *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009)(citation omitted).

### III.

Compass contends that the Court should dismiss all of the claims contained in Micca's Complaint because the Complaint fails to state any claims that are plausible on their face. Compass alternatively asserts that Micca's Title VII and ADEA claims should be dismissed because Micca failed to exhaust his administrative remedies prior to filing suit. In response, Micca only contests dismissal of his claims of discrimination, harassment, and retaliation under the Kentucky Unlawful Discrimination by an Employer Act ("KUDEA"), Ky. Rev. Stat. Ann. § 344.040. As such, Micca's claims under Title VII, the ADEA, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Age Discrimination Act of 1975, 42 U.S.C. § 6101, and Compass's Zero Tolerance

Discrimination and Harassment Policy will be dismissed, and we will limit our analysis to Micca's claims under the KUDEA.

To that end, we turn to the allegations contained in the Complaint. Micca alleges, in relevant part therein, that:

> 4. . . . [T]he Defendant terminated the long time employment of the Plaintiff without due or just cause;
>
> 5. That the Defendant's actions and conduct constituted wrongful termination, *harassment, discrimination and retaliation* against the Plaintiff, who is approximately *62 years of age and born in the country of Italy*;
>
> 6. The Plaintiff was employed with the Defendant as a General Manager of Food Services . . . with duties consisting of general manager and supervisor of food service operations . . . including personnel matters and issues and general supervision of all related food services;
>
> 7. During the term of employment, the Plaintiff was designated as manager of the year, received increased income, revenue and profits and reduced costs and expenses of the food service operation;
>
> 8. The Defendant's acts and omissions were in violation of various state and federal statutes, laws, rules and regulations prohibiting *unequal and unfair treatment* in employment *due to age, national origin and ethnicity*;

DN 1-2 (emphasis added). Although Micca asserts claims for harassment, discrimination, retaliation, and unequal treatment (as indicated by the Court's emphasis), we note that harassment, retaliation, and unequal treatment – respectively referred to in legal terms as hostile-work environment, retaliation, and disparate treatment – are each a distinct type of discrimination claim. Under Ky. Rev. Stat. Ann. § 344.040, harassment and unequal treatment are actionable if the plaintiff was discriminated against based on his or her protected status. *See Schramm v. Slater*, 105 F. App'x 34, 38 (6th Cir. 2004); *see also Mills v. Gibson Greeting*, 872 F. Supp. 366 (E.D. Ky. 1994) (explaining that Kentucky courts follow federal law in interpreting its anti-discrimination statute, Ky. Rev. Stat. Ann. § 344.040); *Meyers v. Chapman Printing Co.*,

840 S.W.2d 814, 821 (Ky. 1992) (assessing Ky. Rev. Stat. Ann. § 344.040 discrimination claims under the standards laid out in federal law). A claim of retaliation under Ky. Rev. Stat. Ann. § 344.040, however, is actionable if the plaintiff was discriminated against based on his or her having engaged in protected activity. *Flock v. Brown-Forman Corp.*, 344 S.W.3d 111, 118 (Ky. Ct. App. 2010). Hence, Micca has asserted three distinct discrimination claims: disparate-treatment, harassment, and retaliation. And because each claim has its own analytical framework, *see id.*, the Court will assess them separately.

### A. Disparate Treatment

The parties do not dispute that Micca's first discrimination claim under Ky. Rev. Stat. Ann. § 344.040 is for unequal or "disparate" treatment on the basis of age, national origin, and ethnicity. Compass argues, however, that Micca has not stated a plausible claim because he has not alleged "a single fact linking Defendant's decision to terminate him to that of his age or the country in which he was born." DN 5-1, p. 5. The Court concurs.

To survive a motion to dismiss, a plaintiff pursuing a disparate-treatment claim must allege specifics showing: 1). that the defendant treated a similarly-situated employee, who is not of the plaintiff's protected class, more favorably than the plaintiff; and, 2). how the plaintiff was treated less favorably. *Id*. In the absence of such allegations, a court would have to infer that a defendant's decision-making regarding a plaintiff's employment was discriminatory simply based on the fact that the plaintiff is part of a protected class, as opposed to any other, non-discriminatory basis. *See Downs v. Bel Brands USA, Inc.*, No. 4:14-CV-00016-JHM, 2014 WL 4211199, at *3 (W.D. Ky. Aug. 25, 2014) (quoting *id*. at 627). Thus, as the Sixth Circuit held in *Sam Han v. University of Dayton*, a plaintiff cannot argue that he is entitled to a reasonable inference of discrimination after an adverse employment action simply because he was good at

his job and is a member of a protected group. *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) *cert. denied sub nom. Han v. Univ. of Dayton*, 134 S. Ct. 2699, 189 L. Ed. 2d 741 (2014).

Here, Micca's Complaint fails to state a disparate-treatment claim because it does not identify any American-born or more-youthful employees who were treated more favorably than Micca under similar circumstances. *See Taylor v. 3B Enterprises*, LLC, No. 3:13-CV-259-S, 2014 WL 4916334, at *6 (W.D. Ky. Sept. 30, 2014). In fact, the Complaint only alleges that Micca was terminated "without due or just cause;" but as stated above, Micca cannot ask the Court to infer discrimination because he was good at his job, is sixty-two (62), and was born in Italy. Moreover, claiming that he was terminated "without due or just cause" is conjecture that provides nothing more than a "remote and unspecific possibility of discrimination" and reflects the exact type of "unadorned, the defendant-unlawfully-harm[ed]-me accusations" that *Twombly* and *Iqbal* sought to eliminate. *Id*. (quoting *Iqbal*, 556 U.S. at 678).

In other words, Plaintiff has drawn inferences of discrimination that are wholly unsupported by the facts alleged in the complaint, and the Court is not required to, and does not, accept them. *Sam Han*, 541 F. App'x at 627. Even accepting his allegations as true and reviewing them in a light most favorable to him, we find that Micca has set out a context in which any inference of intentional discrimination would be implausible and purely speculative. *Id*. Therefore, we will grant Compass's motion to dismiss on Micca's disparate-treatment claim.

### B. Harassment

The conclusion we have reached with regards to Micca's disparate-treatment claim also applies to his claim of harassment. *Taylor*, 2014 WL 4916334 at *7. In order for workplace harassment based on age or national origin to be actionable, it must be egregious enough to

create an "objectively hostile work environment." *Malloy v. Potter*, 266 F. App'x 424, 428 (6th Cir. 2008) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22-23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Williams v. General Motors Corp.*, 187 F.3d 553, 568 (6th Cir.1999) (finding that a plaintiff must show that the work environment is both objectively and subjectively hostile)) (age); *Boutros v. Canton Reg'l Transit Auth.*, 997 F.2d 198, 200 (6th Cir. 1993) (national origin). And in order to establish a *prima facie* case of a hostile work environment, a plaintiff must demonstrate that: 1). he is a member of a protected class; (2) he was subjected to harassment, *either through words or actions*, based on his protected status; (3) the harassment had the effect of *unreasonably interfering* with his work performance and creating an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 270 (6th Cir. 2009).

Here, however, the Complaint does not even attempt to establish factual bases for "harassment . . . based on [Micca's] protected status" or that such harassment "unreasonably interfere[ed]" with [Micca's] work performance. *See Taylor*, 2014 WL 4916334 at *7. He has therefore failed to allege any behavior that a reasonable person could evaluate under the hostile-work-environment framework. Because we find that Micca's Complaint lacks any factual content to support a plausible inference of a hostile work environment, we will dismiss his harassment claim. *Id*.

### C. Retaliation

Finally, we find that Micca has also failed to plead a plausible retaliation claim. A plaintiff alleging retaliation must show that: 1). he engaged in protected activity; 2). that he suffered an adverse employment action; and 3). that there was a causal connection between the adverse employment action and the protected activity. *Fenton v. HiSan, Inc.*, 174 F.3d 827, 831

(6th Cir. 1999).  Again, however, Micca has not plead any facts suggesting that he engaged in protected activity of any sort or from which we can infer a causal connection between his termination and any protected activity.  *Roof v. Bel Brands USA, Inc.*, No. 4:14CV-00071-JHM, 2014 WL 5243051, at *8 (W.D. Ky. Oct. 15, 2014).  We will dismiss Micca's retaliation claim for these reasons.

### IV.

For the reasons set forth herein, we will grant Defendant Compass's Motion to Dismiss, DN 5, as to all claims in Plaintiff Micca's Complaint. DN 1-2.  A separate order and judgment will be entered this date in accordance with this Memorandum Opinion.

May 22, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**